Approved: _____
Lindsey Keenan
Assistant United States Attorney

Before:  THE HONORABLE LISA MARGARET SMITH
         United States Magistrate Judge
         Southern District of New York

- - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- v. -

DONTA DIXON,

                    Defendant.

- - - - - - - - - - - - - - - - - X

20 M 5612

**SEALED COMPLAINT**

Violations of 18 U.S.C. §§ 922(g)(1) and 2

COUNTY OF OFFENSE: WESTCHESTER

SOUTHERN DISTRICT OF NEW YORK, ss.:

BRIAN MENTON, being duly sworn, deposes and says that he is a Task Force Officer with the Federal Bureau of Investigation ("FBI"), and charges as follows:

COUNT ONE
(Felon in Possession of a Firearm)

1. On or about May 29, 2020, in the Southern District of New York, DONTA DIXON, the defendant, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, to wit, a Bryco Arms, model Jennings Nine, 9 millimeter pistol, with a defaced serial number, and the firearm was possessed in and affecting interstate commerce.

(Title 18, United States Code, Sections 922(g)(1) and 2.)

The bases for my knowledge and for the foregoing charge are, in part, as follows:

2. I am a Task Force Officer with the FBI, currently assigned to the Westchester County Violent Crimes and Safe Streets Task Force, and have been personally involved in the investigation of this matter. This affidavit is based upon my personal participation in the investigation of this matter, my

conversations with law enforcement agents, witnesses and others, as well as my examination of reports and records. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

3. Based on my participation in this investigation, and my conversations with law enforcement officers from the Yonkers Police Department (the "YPD"), and my review of reports from the same, I have learned the following:

a. On or about May 29, 2020, police officers from the YPD 3rd Precinct anti-crime unit were on duty in the vicinity of Joseph Cerrato Park, in Yonkers, New York.

b. At approximately 5:20 p.m., on or about May 29, 2020, a YPD police officer in plain clothes ("Officer-1") and his partner, were in an unmarked car near the corner of Riverdale Avenue and Vark Street, when they observed an individual ("Individual-1") walking north on Riverdale Avenue.

c. According to Officer-1, Individual-1 had an orange fanny pack slung across his chest. Officer-1 watched as Individual-1 adjusted the fanny pack, peered into it, then looked over his shoulder. Individual-1 repeated this action several times while walking.

d. According to Officer-1, the fanny pack appeared to contain a heavy object, because each time Individual-1 adjusted the fanny pack, it slid back down his torso.

e. According to Officer-1, a marked YPD patrol car drove past Individual-1, and Individual-1 grabbed the fanny pack and shifted his body to shield the fanny pack from view of the patrol car.

f. According to Officer-1, he and his partner approached Individual-1 as Individual-1 turned right on Hudson Street. Officer-1 identified himself as a YPD officer, and pointed to the shield on his waist. Officer-1 stated, in substance and in part, "Yonkers Police, can we talk to you for a minute?"

g. According to Officer-1, as he approached Individual-1, Individual-1 grabbed the fanny pack, took a step

2

backward, and turned his body to shield the fanny pack from view. Based on Individual-1's movements during the time they observed him, and the apparent weight of the object in the fanny pack, which settled at the bottom of the bag, Officer-1 believed the fanny pack may have contained a weapon.

      h.  According to Officer-1, his partner asked Individual-1, in substance and in part, if he had any weapons or drugs on his person.  Individual-1 stated that he did not. For safety purposes, Officer-1's partner conducted a pat down of Individual-1, and identified the object in the fanny pack as a gun.

      i.  According to Officer-1, after finding the gun he placed Individual-1 under arrest, and transported him to the YPD.

4.  Based on my review of a report from the YPD, I am aware that the gun recovered from Individual-1 on or about May 29, 2020, was a Bryco Arms, model Jennings Nine, 9 millimeter pistol, with a defaced serial number.  The gun was loaded with eight ballpoint PMC 9 millimeter Luger bullets in the magazine, and a ninth bullet in the chamber.

5.  On or about May 29, 2020, I participated in an interview of Individual-1.  Based on my participation in the interview, I am aware that at the YPD station, Individual-1 identified himself as DONTA DIXON, the defendant.  DIXON waived his *Miranda* rights, and agreed to speak to law enforcement officers.  DIXON stated, in substance and in part, the following:

      a.  On or about May 29, 2020, DIXON contacted a friend on Snapchat, and arranged to purchase a gun. According to DIXON, he was directed to meet an unknown individual at Joseph Cerrato Park in Yonkers, New York, at 10:30 a.m.

      b.  DIXON paid $150 for the gun, which was delivered to him in the orange fanny pack.

      c.  DIXON stated that as he was leaving the park, he continuously unzipped the fanny pack to examine the gun, because he was concerned that the inexpensive price might mean the gun was defective.

6.  Based on my review of a report of a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives who is familiar with the manufacturing of firearms and ammunition, I know that the Bryco Arms, model Jennings Nine, 9 millimeter pistol, was

manufactured in either the State of California or the State of Nevada.

7. I have reviewed criminal history records pertaining to DONTA DIXON, the defendant, which show that DIXON was convicted of a crime punishable by a year or more imprisonment, to wit, on or about October 23, 2012, DIXON was convicted of first degree assault in violation of New York Penal Law Section 120.10[01], and was sentenced to a term of imprisonment of 42 months.

WHEREFORE, deponent respectfully requests that a warrant be issued for the arrest of DONTA DIXON, the defendant, and that he be imprisoned or bailed, as the case may be.

/s/ Brian Menton, signed by USMJ Smith with permission of the witness obtained via FaceTime
Task Force Officer Brian Menton
Federal Bureau of Investigation   Shield #608

Sworn to before me this
30th day of May 2020       also via FaceTime

*Lisa Margaret Smith*

THE HONORABLE LISA MARGARET SMITH
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK